THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY W. SLAUGHTER, Appellant. 

 Memorandum: The medical testimony and the evidence relating to appellant's prior history of treatment at mental institutions presented a substantial issue of appellant's sanity at the time of the homicide. In summation, the prosecutor indicated to the jury that appellant hoped that by pleading insanity he would be committed to a hospital and to be on the streets again in 30 days. The court failed to sustain a timely objection to this erroneous statement or to instruct the jury that it was erroneous. The prosecutor also stated: "In this time of permission, what we can call an age of license, are you going to extend to the Henry Slaughters of this world the license to strike out and kill, to disrupt their families, to steal, to do anything that they please because the world is against them, or are you going to call them to task? Are you going to protect, finally here, at this point of the lawsuit, the rights of the community in which you live?" The court denied appellant's motion for mistrial based on the prosecutor's remarks. The suggestion that if the jury acquitted appellant he would be on the streets again in 30 days, uncorrected by the court, constituted prejudicial error. (*People* v. *Draper*, 278 App. Div. 298; *People* v. *Manganaro*, 218 N. Y. 9.) The prosecutor's remarks concerning license, permission, stealing and protection of the community also uncorrected by the court constitute additional grounds for reversal. (*People* v. *Moore*, 26 A D 2d 902.) (Appeal from judgment of

Erie County Court convicting defendant of murder, second degree.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.